**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **SERGIO ROBLES-NOA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1956-KC** |
| | § | |
| **MARKWAYNE MULLIN et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Sergio Robles-Noa's Petition for a Writ of Habeas Corpus, ECF No. 1.  Robles-Noa is detained at ERO El Paso Camp East Montana.  *Id.* ¶ 10.  He argues that his detention is unlawful and asks the Court to order his release.  *Id.* ¶¶ 57–69.

Robles-Noa, a Cuban citizen was ordered removed from the United States in 2004.  *Id.* ¶¶ 2–4.  At the time, he could not be removed, and he was released under an Order of Supervision ("OSUP").  *Id.* ¶ 5.  On January 13, 2026, he was detained by immigration authorities to execute his removal to Mexico.  *Id.* ¶ 6.  Robles-Noa previously filed a habeas petition in the Middle District of Florida, which was dismissed as premature because he had not been detained for six months.  *Id.* ¶ 8.  Thereafter, he was transferred to El Paso, and he has now been detained for over six months.  *Id.*  On July 23, 2026, the Court found that "[i]f these allegations are true, Robles-Noa likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  July 23, 2026, Order 2–3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by either demonstrating that Robles-Noa's removal is likely in the reasonably foreseeable future or deporting him."  *Id.* at 3.

Respondents then filed their Response, ECF No. 3, to which they attach the Declaration of Deportation Officer Ernie Marin ("Marin Decl."), ECF No. 3-1. Marin states that on December 13, 2024, Cuba denied Robles-Noa for repatriation. *Id.* ¶ 6. Respondents have also attempted to remove Robles-Noa to Mexico, but he refused to go. *Id.* ¶ 4. Robles-Noa, who is not a Mexican citizen, cannot be removed to Mexico without his consent. Respondents do not provide a timeline for removal but state they "will be request[ing] assistance from HQ-RIO for a third country removal other than to Mexico" at some unspecified time in the future. *Id.* ¶¶ 7–8.

In sum, Respondents have not shown any significant likelihood of removing Robles-Noa to Cuba, Mexico, or any other country in the reasonably foreseeable future. Robles-Noa has now been detained for over six months. Respondents concede that he cannot be removed to Cuba or Mexico. *See generally* Marin Decl. Respondents do not provide an anticipated timeline for his removal, nor do they purport to have identified any other countries for removal. Because all ongoing removal efforts are vague and speculative, as Respondents cannot provide a timeline and have no concrete alternatives for Robles-Noa's removal, and considering that he has now been detained for over six months, Respondents have failed to carry their own burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025). Nevertheless, because Respondents aver that they continue to attempt to identify an alternative country, the Court gives them a final opportunity to do so.

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that, **on or before August 14, 2026**, Respondents shall either lawfully **REMOVE** Robles-Noa from

the United States or **RELEASE** Robles-Noa from custody under reasonable conditions of supervision.

      **IT IS FURTHER ORDERED** that, <u>**on or before August 14, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Robles-Noa has been removed from the country or released from custody in compliance with this Order.

      <u>**Barring exceptional circumstances, there will be no extensions of the August 14, 2026, deadlines**</u>, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

      **SO ORDERED**.

      **SIGNED this 31st day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3